USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND,

And

BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND, (HBP)

        Plaintiff,

- against -

NESHOMA ORCHESTRA AND SINGERS, INC.,

        Defendant.

---

NESHOMA ORCHESTRA AND SINGERS, INC.,

        Third Party Plaintiff,

- against -

THE ASSOCIATED MUSICIANS OF GREATER
NEW YORK LOCAL 802, AFM, AFL-CIO,

        Third Party Defendant.

17-cv-2640 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

    This case arises out of a dispute over pension fund withdrawal liability between the American Federation of Musicians and Employers' Pension Fund and its Trustees (the "Fund"), Neshoma Orchestra and Singers, Inc. ("Neshoma") and the Associated Musicians of Greater New York Local 802, AFM, AFL-CIO (the "Union"). The Fund brought the underlying action against Neshoma, the defendant and third-party plaintiff, to collect

withdrawal liability pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA"). Neshoma then filed a third-party complaint against the Union, alleging claims for breach of contract, indemnification, fraud, and negligent misrepresentation based on an alleged promise made by the Union to guarantee that the Fund would not seek to recover withdrawal liability from Neshoma.

In an Opinion and Order dated May 23, 2018, this Court granted partial summary judgment to the Fund on the claim seeking withdrawal liability from Neshoma. Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc., No. 17-cv-2640 (JGK), 2018 WL 2341551 (S.D.N.Y. 2018) ("SJ Decision"). The Court found that Neshoma had forfeited any right to challenge the validity of the withdrawal liability because Neshoma did not pursue arbitration to challenge the assessment of withdrawal liability within the deadline set by ERISA. Id. at *1. The Court thus found that Neshoma owed the Fund the entire amount of withdrawal liability that had accrued after it effected a withdrawal.

In a separate Opinion and Order also issued on May 23, 2018, this Court dismissed Neshoma's third-party complaint which

2

alleged claims for breach of contract, indemnification, fraud, and negligent misrepresentation against the Union. Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc., No. 17-cv-2640 (JGK), 2018 WL 2338764, at *4 (S.D.N.Y. 2018) ("MTD Decision"). The Court found that it lacked subject matter jurisdiction to consider Neshoma's claim, because the claims were preempted by Section 8 of the National Labor Relations Act ("NLRA") pursuant to San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959) and the claims could have been brought before the National Labor Relations Board. The Court further found that Neshoma failed to state a claim for indemnification, fraud, and negligent misrepresentation. Id. at *4.

Currently before the court is Neshoma's motion for leave to perfect an interlocutory appeal of the Court's MTD Decision pursuant to 29 U.S.C. § 1292(b). Because Neshoma has failed to demonstrate that there is a substantial ground for difference of opinion regarding a controlling question of law or that an appeal would materially advance the resolution of this case, Neshoma's motion is denied.

I.

A district court should certify an order for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of

3

opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted). "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion." King Cty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012); Two Farms, Inc. v. Greenwich Ins. Co., No. 12-cv-0050, 2013 WL 1810770, at *1 (S.D.N.Y. 2013); see also Liberty Mut. Ins. Co. v. The Fairbanks Co., 208 F. Supp. 3d 545, 546 (S.D.N.Y. 2016).

## II.

While Neshoma disagrees with this Court's dismissal of its claims against the Union, Neshoma has failed to demonstrate that there are controlling questions of law as to which there is a substantial ground for difference of opinion. See Liberty Mut. Ins. Co. v. The Fairbanks Co., 208 F. Supp. 3d 545, 547 (S.D.N.Y. 2016) (collecting cases). Neshoma has also not shown that this case involves the type of "exceptional circumstances" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."

4

Id. at 546. (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Most importantly, an immediate appeal plainly would not materially advance the ultimate termination of the litigation, and indeed would delay it unreasonably. Liberty, 208 F. Supp. 3d at 547. The Court granted the third-party defendant's motion to dismiss, which completely disposed of the third-party complaint. The Court also granted partial summary judgment in favor of the Fund finding that the withdrawal liability assessed by the Fund on Neshoma was immediately due and owing. Accordingly, the only outstanding issue in this case is a final calculation of the pension contributions owed by Neshoma to the Fund. This issue should not be difficult or time-consuming to address and a final judgment can be entered as soon as it is resolved. The entire case can then be reviewed by the Court of Appeals. Accordingly, an interlocutory appeal would unnecessarily delay this case and would not aid in its resolution in any way.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. As explained above, the plaintiff's motion is **denied**.

The Clerk is directed to close **Docket Number 58**.

**SO ORDERED.**

Dated:     New York, New York
            August 2, 2018

                                      John G. Koeltl
                                      **United States District Judge**