USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 4-19-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND ET AL.,

                Plaintiffs,

- against -

NESHOMA ORCHESTRA AND SINGERS, INC.,

                Defendant.

---

17-cv-2640 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiffs – American Federation of Musicians and Employers' Pension Fund (the "Fund"), and the Board of Trustees of the American Federation of Musicians and Employers Pension Fund (the "Trustees") – move for judgment in their favor, and against the defendant, Neshoma Orchestra and Singers, Inc., as follows:

- $1,111,124.11 in withdrawal liability;
- interest in the amount of $266,213.16 and daily interest of $228.31 from January 4, 2019, until the date judgment is entered;
- liquidated damages in the same amount as the interest; and
- attorney's fees and costs in the amount of $26,237.50.

See 29 U.S.C. § 1132(g). The defendant has not filed any opposition to the motion.

The Court held in its May 23, 2018 Opinion and Order that the defendant owed the plaintiffs withdrawal liability. Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc., No. 17cv2640, 2018 WL 2341551, at *6

(S.D.N.Y. May 23, 2018). The amount of withdrawal liability – $1,111,124.11 – is not contested. The plaintiffs are entitled to judgment in the amount of $1,111,124.11 in withdrawal liability from the defendant.

The plaintiffs are also entitled to interest and liquidated damages. See 29 U.S.C. § 1132(g)(2). Pursuant to the trust agreement establishing the Fund, the Trustees adopted "rules governing the determination and payment of withdrawal liability, which are set forth in the *Notice to Contributing Employers Regarding Withdrawal Liability*." Mem. at 3; see Dkt. No. 38-4 at 3. Under the adopted rules, delinquent withdrawal liability payments are assessed interest at the greater of a rate of 7.5 percent per annum or the prime interest rate plus 2 percent. Dkt. No. 38-4 at 3. The plaintiffs provide – and the defendant does not contest – that this amounts to $266,213.16 as of January 4, 2019, plus $228.31 each day thereafter. The plaintiffs are entitled to such interest. Moreover, pursuant to the adopted rules, because this interest is greater than 20 percent of the withdrawal liability owed to the plaintiffs, the plaintiffs are entitled to liquidated damages in the same amount as the interest they are owed. See 29 U.S.C. § 1132(g)(2); Dkt. No. 38-4 at 3.

Finally, the plaintiffs are also entitled to attorney's fees and costs. See 29 U.S.C. § 1132(g)(2); Dkt. No. 38-4 at 3.

2

The requested amount, $25,837.50, covers 79.5 hours of work performed by Patricia McConnell - a partner at Meyer, Suozzi, English & Klein, P.C., with over thirty-five years of relevant experience - at an hourly rate of $325. McConnell Decl. ¶¶ 8-9, Ex. B. Both the hours spent working on this matter and the $325 hourly rate are reasonable. See, e.g., Durso v. Store 173 Food Corp., No. 16cv9456, 2018 WL 6268218, at *5-6 (S.D.N.Y. Nov. 30, 2018); Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, No. 18cv5881, 2018 WL 5635218, at *5 (S.D.N.Y. Oct. 30, 2018). The plaintiffs' further request for $400 to cover the filing fee in this case is also reasonable. McConnell Decl. Ex. C. The plaintiffs are therefore entitled to $26,237.50 in attorney's fees and costs.

**CONCLUSION**

The plaintiffs' motion for an award of damages consistent with 29 U.S.C. § 1132(g) is **granted**. The Clerk of Court is directed to enter judgment in favor of the plaintiffs, and against the defendant, in the following amounts:

- $1,111,124.11 in withdrawal liability;
- interest in the amount of $266,213.16 and daily interest of $228.31 from January 4, 2019, until the date judgment is entered in this case;
- liquidated damages in the same amount as the interest; and
- attorney's fees and costs in the amount of $26,237.50.

Once judgment is entered, the plaintiffs are entitled to postjudgment interest pursuant to 28 U.S.C. § 1961.

The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:  **New York, New York**
         **April 19, 2019**

                                              John G. Koeltl
                                      United States District Judge